IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEMICO ANTONIO WASHINGTON,** | : : : | **CIVIL ACTION** |
| **Plaintiff,** | : : : | |
| v. | : : | No. 17-4706 |
| **CITY OF PHILADELPHIA, et al.,** | : : : | |
| **Defendants.** | : : : | |

**Goldberg, J.**                                                                                                                                                 **March 12, 2021**

### MEMORANDUM OPINION

Plaintiff Kemico Washington has sued Defendants Philadelphia Police Officers Richard Cujdik ("Officer Cujdik") and Glenn Conway ("Officer Conway") (collectively, "Defendants"), under the Fourth and Fourteenth Amendments of the United States Constitution. The Second Amended Complaint alleges violations of Plaintiff's constitutional rights caused by Defendants alleged use of excessive force and denial of adequate medical care to Plaintiff in conjunction with his April 2016 arrest. Defendants have moved for partial summary judgment. For the following reasons, I will deny the Motion.

**I.   STATEMENT OF FACTS[1]**

On April 25, 2016, Philadelphia police officers detained and arrested Plaintiff, who was seen wearing similar clothing worn by a suspect in a recent string of burglaries. (Pl.'s Resp., Ex. A, Dep. of Kemico Washington ("Washington Dep."), 18:20–19:16.) Plaintiff testified that during his arrest, Officer

---

[1] The facts set forth herein come from deposition testimony and/or from the uncontroverted exhibits provided by the parties. Additional references to the parties' pleadings will be made as follows: Defendants' Statement of Undisputed Facts ("DSUF"); Plaintiff's Counterstatement ("PC"); and Defendants' Counterstatement ("DC").

1

Cujdik tackled him from behind and pinned him to the ground while Officer Conway kicked him in the back. (Id. at 26:6–28:11.) Plaintiff further testified that both Defendants kicked and punched him, causing him to bleed from his head, face, and mouth. (Id. at 29:7–16, 30:14–20.) Defendants deny that description of the circumstances surrounding the arrest and contend "that Plaintiff's allegations about the context of his arrest is [not] relevant to the inquiry of whether an alleged forty-five minute delay in transportation for medical care arises to a constitutional depravation of medical care." (DC ¶ 1.)[2]

The parties agree that Defendants detained and transported Plaintiff to the Philadelphia Police Department's 9th District Station parking lot. Plaintiff alleges that he remained in the police vehicle despite his plea for medical attention. (Washington Dep., 31:2–16; DSUF ¶ 2.) Plaintiff further claims he told Officer Conway that he needed to go to the hospital, but that Officer Conway told him to "shut up." (Washington Dep., 31:11–18.)

The parties do not dispute that forty-five minutes to an hour later, Detective Frederick Girardo arrived at the parking lot and instructed Defendants to take Plaintiff to the hospital after observing Plaintiff's injuries. (DSUF ¶¶ 2, 4; Pl.'s Resp., Ex. B, Dep. of Detective Frederick Girardo ("Girardo Dep."), 52:20–53:13; id. at 33:22–24, 34:1–16, 59:15–18.) Defendants transported Plaintiff to Hahnemann University Hospital ("Hahnemann"), where he received medical treatment and was eventually discharged and transported back to the police station. (DSUF ¶¶ 4, 5; Washington Dep., 34:14–21.)

It appears also to not be disputed that Plaintiff returned to Hahnemann the next day, on April 26, 2016, after another police officer ("Unnamed Officer") observed his injuries and thought he looked "messed up" and "in bad shape." (Washington Dep., 37:13–39:2.) Hahnemann discharged Plaintiff after

---

[2] On a motion for summary judgment, I cannot make a credibility determination as to which account of the arrest is true. See Big Apple BMW, Inc. v BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992)("[I]t is inappropriate for a court to resolve factual disputes and to make credibility determinations.")

providing additional treatment, a neck brace, and pain medication. (Id. at 39:5–18; Pl.'s Resp., Ex. E, Hahnemann Discharge Materials ("Hahnemann Discharge"), D-0143-45.)

## II. PROCEDURAL HISTORY

Plaintiff, acting *pro se*, filed the original Complaint on October 19, 2017 and the Amended Complaint on June 4, 2018. On July 31, 2019, Plaintiff's counsel filed a Second Amended Complaint, asserting both excessive force (Count I) and denial of adequate medical care (Count II).

Defendants filed the instant Motion for Partial Summary Judgment as to the denial of adequate medical care claim in Count II of the Second Amended Complaint. They assert that Plaintiff has failed to produce evidence to substantiate this claim and that, in any event, the officers are protected by qualified immunity. Defendants do not seek summary judgment on the excessive force claim alleged in Count I of the Second Amended Complaint.

For the reasons that follow, Defendants' Motion for Partial Summary Judgment will be denied.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 states, in pertinent part:

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a).

"Through summary adjudication, the court may dispose of those claims that do not present a 'genuine dispute as to any material fact' and for which a jury trial would be an empty and unnecessary formality." Capitol Presort Servs., LLC v. XL Health Corp., 175 F. Supp. 3d 430, 433 (M.D. Pa. 2016).

A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable factfinder to return a verdict for the non-moving

3

party. Id. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001); see also Burton v. Teleflex Inc., 707 F.3d 417, 425 (3d Cir. 2013). Disagreements over what inferences may be drawn from the facts, even undisputed ones, preclude summary judgment. Ideal Dairy Farms, Inc. v John Labatt, Ltd., 90 F.3d 737, 744 (3d Cir. 1996). Credibility determinations, the drawing of legitimate inferences from facts, and the weighing of evidence are matters left to the jury. Anderson, 477 U.S. at 255. Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Twp. of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

## IV. DISCUSSION

Defendants assert they are entitled to summary judgment on Plaintiff's claim of denial of adequate medical care on two grounds. First, they contend that Plaintiff has failed to produce sufficient evidence in support of this claim. Second, they posit that they are protected by the doctrine of qualified immunity.

### A. Denial of Medical Care Claim

In Count II of the Second Amended Complaint, Plaintiff alleges a constitutional violation under the Due Process Clause of the Fourteenth Amendment, arguing Defendants denied him adequate medical care during the course of his April 25, 2016 arrest.

The Supreme Court of the United States has held that "[t]he Due Process Clause . . . require[s] the responsible government or governmental agency to provide medical care to persons . . . who have been injured while being apprehended by the police." City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983). "To establish a claim for denial of medical treatment under the Fourteenth Amendment, a plaintiff must show: (1) a serious medical need; and (2) behavior on the part of the police officers that constitutes deliberate indifference to that need." Stroud v. Boorstein, No. CIV. A. 10-3355, 2014 WL 2115499, at *8 (E.D. Pa. May 20, 2014) (citing Estelle v. Gamble, 429 U.S. 97, 105–06 (1976); Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003)).

The United States Court of Appeals for the Third Circuit has defined the first element, a serious medical need, as: "(1) one that has been diagnosed by a physician as requiring treatment; (2) one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention; **or** (3) one for which the denial of treatment would result in the unnecessary and wanton infliction of pain or a life-long handicap or permanent loss." Stroud, 2014 WL 2115499, at *8 (quoting Atkinson v. Taylor, 316 F.3d 257, 272–73 (3d Cir. 2003) (internal quotation marks and citations omitted) (emphasis added); see also Estelle, 429 U.S. at 105; Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

The Third Circuit has defined the second element, deliberate indifference, as "knowledge of the need for medical care" and the "intentional refusal to provide that care." Lanzaro, 834 F.2d at 346. In addition, "if necessary medical treatment [i]s . . . delayed for non-medical reasons, a case of deliberate indifference has been made out." Id. (citing Ancata v. Prison Health Servs., 769 F.2d 700, 704 (11th Cir. 1985)).

Here, Plaintiff contends "there are disputed issues of material facts concerning the severity of Mr. Washington's medical need and the deliberateness of Defendants' actions." (Pl.'s Resp. at 8.) Defendants respond that Plaintiff "cannot establish that his alleged injuries amount to a serious medical need or that the hour-long delay in transportation amounts to a deprivation of a clearly-established right to medical care under the Fourteenth Amendment." (Defs.' Reply Br. at 1.)

Defendants are not entitled to summary judgment because, viewing the facts of record in the light most favorable to Plaintiff, there is a genuine dispute of material fact as to whether or not Plaintiff suffered a serious medical injury. The undisputed facts reflect that Plaintiff's injuries were not only "diagnosed by a physician as requiring treatment," but also "so obvious that a lay person [] easily recognize[d] the necessity for a doctor's attention." Stroud, 2014 WL 2115499 at *8. These facts include Plaintiff's treatment from physicians at Hahnemann on two consecutive days after the incident and that at least two lay police officers recognized his injuries and the need for treatment. (Girardo Dep., 52:20–53:13;

5

Washington Dep., 33:22–24, 34:1–21, 37:13–39:2, 59:15–18; DSUF ¶ 4, 5.) Thus, Plaintiff is entitled to ask the jury to infer that he suffered a serious medical need. Intervest, Inc. v. Bloomberg, L.P., 340 F.3d 144, 159–60 (3d Cir. 2003) (reasonable inferences must be drawn in movant's favor).

Additionally, there is also a genuine dispute of material fact concerning whether Defendants' action, or inaction, constituted deliberate indifference. Although Defendants do not dispute the length of time that elapsed before Plaintiff received medical care, a genuine dispute of material fact does exist as to whether or not the delay was intentional. Plaintiff waited in Defendants' police vehicle "for a period of time between forty-five minutes and an hour, during which time he was visibly bleeding on his face and experiencing extreme pain, about which he complained." (DSUF ¶ 2.) Furthermore, Defendants did not provide Plaintiff with medical care until "another officer came out to the parking lot and directed the Defendants to take Plaintiff to Hahnemann Hospital, which they did." (Id. at ¶ 4.) Given the undisputed evidence, Plaintiff will be permitted to ask the jury to infer that Defendants "delayed [necessary medical treatment] for non-medical reasons," which would establish deliberate indifference. Lanzaro, 834 F.2d at 346.

Thus, I conclude that there are disputed issues of material fact that would permit a reasonable jury to return a verdict for the Plaintiff on Count II of the Second Amended Complaint.

### B. Qualified Immunity Defense

In addition to seeking summary judgment on Count II, Defendants contend they are protected by qualified immunity. The doctrine of qualified immunity shields public officials performing discretionary functions from liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 192 (3d Cir. 2005) (internal quotation marks and citations omitted).

To determine if Defendants are entitled to claim qualified immunity, the Third Circuit has adopted a three-part test: "(1) whether the [Plaintiff] alleged a violation of their constitutional rights; (2) whether the right alleged to have been violated was clearly established in the existing law at the time of the

6

violation; and (3) whether a reasonable official knew or should have known that the alleged action violated [Plaintiff's] rights." Rouse v. Plantier, 182 F.3d 192, 196–98 (3d Cir. 1999).

For a constitutional right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Atkinson, 316 F.3d at 261 (citing Anderson v. Creighton, 482 U.S. 635, 640 (1987)). As discussed above, it is well-settled law that the Due Process Clause of the Fourteenth Amendment requires police officers to provide medical care to those who have been injured while being apprehended by the police. Mass. Gen. Hosp., 463 U.S. at 244–45. In assessing the "'objective legal reasonableness' of the [alleged] action," I must assess whether "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." Creighton, 483 U.S. at 639 (internal quotation marks and citations omitted).

Therefore, the question before me is whether a reasonable officer knew or should have known that Defendants' alleged denial of medical care was a violation of Plaintiff's rights, in light of clearly established constitutional law and the facts as alleged by Plaintiff. Defendants' subjective beliefs about the seriousness of Plaintiff's alleged injuries are irrelevant.

I conclude that Plaintiff has alleged a constitutional violation, which was clearly established in existing law at the time of the alleged violation. See Mass. Gen. Hosp., 463 U.S. at 244–45. Plaintiff claims that he remained in the police vehicle despite his plea for medical attention and told Officer Conway that he needed to go to the hospital, but that Officer Conway told him to "shut up." (Washington Dep., 31:2–18; DSUF ¶ 2.) Plaintiff further alleges that Defendants did not provide him with access to medical care until after being instructed by a supervisor to do so forty-five minutes to an hour later. (DSUF ¶¶ 2, 4; Girardo Dep. 52:20–53:13.) I find that a reasonable official should have known that Plaintiff's alleged pleas for medical attention and his alleged condition at the time would require Defendants to

provide access to medical care under the Fourteenth Amendment. Therefore, I conclude Defendants are not entitled to qualified immunity.

## V. CONCLUSION

In light of the foregoing, I do not find that Defendants are entitled to summary judgment on Count II of Plaintiff's Second Amended Complaint. An appropriate Order follows.